FILED

2012 APR 27 PM 2:37

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DARCEL D. FISHER HARRIS,

Plaintiff,

Case No.: 3:12-CV-488-J-34MCR

Vs.

HARVEY SCHONBRUN, TRUSTEE,

Defendant.

_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Darcel D. Fisher Harris (the "Plaintiff") sues Harvey Schonbrun, Trustee (the "Defendant") for violations of 15 U.S.C. § 1635(b) and § 501.204, *Florida Statutes*, and avers:

## I. INTRODUCTION

1. This action is filed by a low-income homeowner under the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* (hereinafter "TILA") and the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §§ 1602(aa) and 1639 (hereinafter "HOEPA"), to enforce the Plaintiff's election to rescind a subprime consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, reasonable attorneys' fees and costs, resulting from the Defendant's violations of TILA and Regulation Z, 12 C.F.R. § 226 (hereinafter "Regulation Z").

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to the provisions of 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has jurisdiction to render the declaratory judgment the Plaintiff seeks pursuant to 28 U.S.C. § 2201.

3. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. The Plaintiff is a natural person and resident of the city of Jacksonville, county of Duval, and state of Florida.

6. The Defendant is a natural person, who, on information and belief, is engaged in the business of extending high-cost consumer loans in the state of Florida, and whose principal office is located at 1802 North Morgan Street, Tampa, Florida.

7. At all times material hereto, the Defendant, in the ordinary course of his business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four (4) installments.

## IV. FACTUAL ALLEGATIONS

8. On or about October 16, 2009, the Plaintiff entered into a consumer credit transaction (hereinafter "the Transaction") with the Defendant in which the extended consumer credit was subject to a finance charge and which was payable to the Defendant.

9. The Transaction was a consumer credit transaction, as defined by 15 U.S.C. § 1602(h).

10. The Defendant was a creditor as defined by 15 U.S.C. § 1602(f).

11. A true and accurate copy of the promissory note evidencing the Transaction (the "Note") is attached hereto as Exhibit A, and by this reference is incorporated herein.

12. As part of this consumer credit transaction, the Defendant retained a security interest in real property located at 1145 Palmetto Street, Jacksonville, Florida, which is the Plaintiff's home (the "Home").

13. The security interest was not created to finance the acquisition or initial construction of the Home.

14. The Plaintiff purchased the Home on February 22, 1992 (the "Purchase Date"), and, since the Purchase Date, the Plaintiff's ownership of the Home has been continuous.

15. A true and accurate copy of the mortgage evidencing the Defendant's security interest (the "Mortgage") is attached hereto, marked as Exhibit B, and by this reference is incorporated herein.

16. The Home was unencumbered by any other mortgage loan at the time of the Transaction.

17. The Transaction was for the purpose of financing certain repairs to the Home.

18. At the time of the Transaction, the Home was and was intended to be the Plaintiff's primary residence.

19. The Transaction was a high rate mortgage as defined by HOEPA, 15 § U.S.C. § 1602 (aa)(1)(B), in that the total "points and fees"[1] the Defendant charged the Plaintiff exceeded eight percent (8.0%) of the total loan amount[2].

---

[1] "Points and Fees" include the following charges that are payable by the consumer at or before closing: (i) all finance charges as defined in Regulation Z § 226.4, except interest or the time-price differential; (ii) all compensation paid to mortgage brokers; (iii) all items listed in Regulation Z § 226.4(c)(7) (other than escrow taxes) unless the charge is reasonable, the creditor receives no indirect or direct compensation in connection with the charge, and the charge is not paid to an affiliate creditor; and (iv) premiums or other charges for credit life, accident, health, or loss-of-income insurance, or debt cancellation coverage (whether or not the debt-cancellation coverage is insurance under state law) that provides for cancellation of all or part of the consumer's liability in the event of the loss of life, health, or income or in the case of accident, written in connection with the credit transaction (for loans consummated after October 1, 2002).

20. A true and accurate copy of the settlement statement evidencing the amount borrowed by the Plaintiff and the total "points and fees" charged by the Plaintiff is attached hereto, marked as Exhibit C, and by this reference is incorporated herein (the "Settlement Statement").

21. The total "points and fees" in connection with the Transaction were in excess of $1,600.00, as the compensation paid to mortgage brokers as a "Mortgage Broker Fee" alone totaled $1,600.00. *See*, Exhibit C.

22. Thus, the total "points and fees" in connection with the Transaction exceeded eight percent (8.0%) of the entire principal amount of the Note (.08 x 15,500.00 = 1,240.00).

23. According to the Settlement Statement, the Plaintiff was to receive the following three (3) amounts in connection with the Transaction: (i) escrow funds for repairs to the Home in the amount of $8,000.00; (ii) cash paid to borrower in the amount of $1,560.61; and (iii) funds for the payment of 2009 property taxes in the amount of $1,371.99.

24. In connection with the third item set forth above, funds for the payment 2009 property taxes, the Defendant charged the Plaintiff $1,429.16 on the Settlement Statement. *See*, Exhibit C.

25. A true and accurate copy of the check remitted to the Duval County Tax Collector for the 2009 property taxes is attached hereto, marked as Exhibit D, and by this reference is incorporated herein.

26. The Plaintiff was to receive, including the amount to be paid towards property taxes, a total amount of $10,989.77 from the Transaction. *See*, Exhibit C.

---

[2] "Total Loan Amount" is defined as the amount financed minus fees which are part of the amount financed only by virtue of the definition of finance charge in 15 U.S.C. § 1605(e) or Regulation Z § 226.4(c)(7) unless these latter fees come within the exception in HOEPA at Regulation Z § 226.32(b)(1)(iii).

27. The original principal amount of the Note was $15,500.00, and the interest charged on said principal balance was 11.990%. *See*, Exhibit A.

28. Upon information and belief, the Defendant has engaged in a pattern or practice of extending credit to consumers under high rate mortgage terms, as defined by 15 U.S.C. § 1602(aa), based on the consumer's collateral without regard to the consumer's repayment ability, including their current and expected income, current obligations and employment, in violation of 15 U.S.C. § 1639(h).

29. The Transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. § 1635 and Regulation Z §226.23 (12 C.F.R. § 226.23).

30. In the course of the Transaction, the Defendant violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two (2) copies of a notice of the right to rescind that clearly and conspicuously disclosed the Plaintiff's right to rescind the Transaction.

31. A copy of a notice of a right to cancel the Transaction signed by the Plaintiff (the "Notice of Right to Cancel"), which the Defendant alleges was delivered to the Plaintiff at the time of the Transaction is attached hereto and incorporated herein as Exhibit E.

32. The Plaintiff did *not* have a copy of the Notice of Right to Cancel in her possession until the Defendant supplied a copy to her on December 9, 2011.

33. The Plaintiff *did* have in her possession a file containing many other notices, disclosure, loan applications, and other loan closing documents prior to the Defendant providing a copy of the Notice of Right to Cancel on December 9, 2011.

34. Upon the Plaintiff's request, the Defendant supplied the Plaintiff copies of all notices and disclosures, loan applications, and loan closing documents in connection with the Transaction.

35. On the morning of December 9, 2011, the Defendant first supplied, by electronic transmittal, a package of notices, disclosures, loan applications, and other loan closing documents in connection with the Transaction that did not include a copy of a notice of the right to rescind that clearly and conspicuously disclosed the Plaintiff's right to rescind the Transaction.

36. Upon being informed by the undersigned that the Defendant had failed to provide a copy of the notice of the right to rescind that clearly and conspicuously disclosed the Plaintiff's right to rescind the Transaction, the Defendant then produced, again by electronic transmittal, the Notice of Right to Cancel on the afternoon of December 9, 2011. The Defendant stated the Notice of Right to Cancel had been "inadvertently left out" of the documents previously sent.

37. Ultimately, the Defendant supplied only one (1) copy of the Notice of Right to Cancel in his response to the Plaintiff's initial request, and failed to provide a second copy upon the Plaintiff's subsequent request.

38. The Defendant also supplied a copy of a notice of a right to cancel signed by the Plaintiff's husband, Theodore Harris, Sr. (the "Husband's Notice of Right to Cancel").

39. A true and accurate copy of the Husband's Notice of Right to Cancel is attached hereto, marked as Exhibit F, and by this reference is incorporated herein.

40. Ultimately, the Defendant supplied only one (1) copy of the Husband's Notice of Right to Cancel in his response to the Plaintiff's initial request, and failed to provide a second copy upon the Plaintiff's subsequent request.

41. Both the Notice of Right to Cancel and Husband's Notice of Right to Cancel include a waiver of the rescission period afforded by 15 U.S.C. § 1635 (the "Waiver of Rescission Right"). *See*, Exhibits E and F.

42. The Waiver of Rescission Right is included on the same form as the Notice of Right to Cancel and Husband's Notice of Right to Cancel. *See*, Exhibits E and F.

43. The Waiver of Rescission Right is entitled "Release of Rescission Period" and states, in part:

> I, the undersigned, am aware that today, **October 21, 2009**, is after the expiration date of the Right of Rescission for the refinance transaction on the above referenced property. I hereby elect not to rescind the transaction." (**Emphasis in original.**)
>
> *See*, Exhibits E and F.

44. However, the Plaintiff and Theodore Harris, Sr. signed the Waiver of Rescission Right on October 16, 2009. *See*, Exhibits E and F.

45. The Plaintiff and Theodore Harris, Sr. were required or instructed by the Defendant or the Defendant's agent at the Defendant's instruction to sign the Waiver of Rescission Right on October 16, 2009.

46. Further, the Notice of Right to Cancel and Husband's Notice of Right to Cancel misstate the property address subject to the Transaction as being 3233 Garden Brook Road, Jacksonville, Florida. *See*, Exhibits E and F.

47. Due to the violations of TILA listed herein above, the Plaintiff retained her right to rescind the Transaction up to three (3) years following its consummation.

48. On December 7, 2011, the Plaintiff rescinded the Transaction by sending a notice of rescission (the "Notice of Rescission"), by United States mail, postage pre-paid, to the Defendant at 1802 North Morgan Street, Tampa, Florida 33602; the Notice of Rescission was

also delivered by facsimile transmittal to the Defendant. A true and accurate copy of the Notice of Rescission is attached hereto as Exhibit G, and incorporated herein.

49. The Defendant received the Notice of Rescission on or about December 8, 2011, and provided a response to the Notice of Rescission.

50. A true and correct copy the Defendant's response to the Notice of Rescission is attached hereto and incorporated herein as Exhibit H.

51. After the Defendant provided documents in response to the Plaintiff's request for copies of all notices and disclosures, loan applications, and loan closing documents in connection with the Transaction in the Plaintiff's possession, the Plaintiff delivered a second letter to the Defendant, dated December 22, 2011 (the "Second Letter of Rescission").

52. A true and correct copy of the Second Letter of Rescission is attached hereto and incorporated herein as Exhibit I.

53. More than twenty (20) calendar days have passed since the Plaintiff rescinded the Transaction and the Defendant received the Notice of Rescission and the Second Letter of Rescission.

54. The Defendant has failed and refused to take any action necessary or appropriate to reflect the termination of the Mortgage, as required by 15 U.S.C. 1635(b) and Regulation Z §§ 226.23(d)(2).

55. In addition, the Defendant has failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

56. On September 23, 2011, prior to the Plaintiff's rescission of the Transaction, the Defendant initiated a foreclosure action against the Plaintiff in the Circuit Court of the Fourth Judicial District, in and for Duval County, Florida. (the "Foreclosure Action").

57. The Foreclosure Action seeks to foreclose the Mortgage.

58. The Defendant has continued to pursue enforcement of the rescinded Mortgage through the Foreclosure Action, subsequent to receiving the Notice of Rescission and Second Letter of Rescission.

**COUNT I**
**VIOLATION OF TILA, 15 U.S.C. § 1635(b)**

59. The Plaintiff incorporates and realleges the allegations contained in paragraphs one (1) through fifty-eight (58) herein.

60. The Defendant's failure to take the action necessary and appropriate to reflect the termination of the Mortgage within twenty (20) days after the Plaintiff's rescission of the Transaction violated 15 U.S.C. § 1635(b) and entitles the Plaintiff to actual damages, statutory damages, and an order enforcing the Plaintiff's rescission of the Transaction.

61. The Defendant's willful refusal to take the action necessary and appropriate to reflect the termination of the Mortgage within twenty (20) days after the Plaintiff's rescission of the Transaction in violation of 15 U.S.C. § 1635(b) and willful continuation of the prosecution of the Foreclosure Action warrants denying the Defendant the benefit of the tender obligation pursuant to 15 U.S.C. § 1635(b).

62. The Plaintiff has incurred attorneys' fees and costs as a result of the Defendant's willful refusal to take the action necessary and appropriate to reflect the termination of the Mortgage within twenty (20) days after the Plaintiff's rescission of the Transaction in violation

of 15 U.S.C. § 1635(b) and willful continuation of the prosecution of the Foreclosure Action, for which she is entitled to reimbursement pursuant to 15 U.S.C. § 1640(a)(3).

**COUNT II**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACTS**
**§ 501.204, *FLORIDA STATUTES***

63. The Plaintiff incorporates and realleges the allegations contained in paragraphs one (1) through fifty-eight (58) herein.

64. At all times material, the Defendant engaged in trade or commerce as that term is defined by § 501.203(8), *Florida Statutes*.

65. The Defendant engaged in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in conducting the trade of consumer debt collection in violation of § 501.204(1), *Florida Statutes*.

**JURY TRIAL DEMANDED**

66. The right to a trial by jury exists.

67. The Plaintiff respectfully requests the Court hold a jury trial on all issues so triable.

**WHEREFORE**, the Plaintiff respectfully requests this Court will enter judgment in favor of the Plaintiff and against the Defendant and:

A. Assume jurisdiction of this case;

B. Declare the security interest in the Home void;

C. Declare the Plaintiff's rescission of the Transaction as having an effective date of December 7, 2011;

D. Order the Defendant to take all necessary action to terminate the Mortgage and any other security interest in the Home created by the Transaction;

E. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the Transaction;

F. Enjoin the Defendant during the pendency of this action, and permanently thereafter, from prosecuting the Foreclosure Action or instituting another foreclosure proceeding on the Home, from recording any deeds or mortgages regarding the Home or from otherwise taking any steps to deprive the Plaintiff of ownership of the Home;

G. Award the Plaintiff statutory damages for the Defendant's failure to properly respond as required by law to the Notice of Rescission, in an amount of twice the finance charge in connection with this transaction, but not less than $200.00 or more than $2,000.00 as provided under 15 U.S.C. § 1640(a);

H. Order that, resulting from the Defendant's willful violation of 15 U.S.C. § 1635(b) and 15 U.S.C. 1635(a) and Regulation Z § 226.23(b), the Plaintiff has no duty to tender, but, in the alternative, if tender is required, determine the amount of the tender obligation in light of all the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

I. Award actual damages in an amount to be established at trial;

J. Award the Plaintiff costs and reasonable attorneys' fees as provided under § 1640(a);

[Intentionally left blank.]

K. Find the Defendant in violation of § 501.204, *Florida Statutes*, and award the Plaintiff damages and reimbursement of the Plaintiff's attorneys' fees and costs pursuant to § 501.211, *Florida Statutes*; and

L. Award such other and further relief as the Court deems just and proper.

Respectfully Submitted on April 27, 2012.

THE LAW OFFICE OF BRETT A. MEARKLE, P.A.

By: ______________________________
Brett A. Mearkle
Florida Bar No. 644706
Julianna E. Groot
Florida Bar No. 55925

Churchill Park, Suite 801
8777 San Jose Boulevard
Jacksonville, Florida 32217
(904) 352-1342 Telephone
(904) 352-1814 Facsimile
bmearkle@mearklelaw.com
jgroot@mearklelaw.com

*Plaintiff's Counsel*