UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARCEL D. FISHER HARRIS,

        Plaintiff,

vs.                                 Case No.  3:12-cv-488-J-34MCR

HARVEY SCHONBRUN, Trustee,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Extend Deadline for Filing a Motion for Summary Judgment (Doc. 28) filed May 14, 2013.  Plaintiff filed a Response in Opposition to Defendant's Motion on May 15, 2013 (Doc. 28).  Accordingly, this matter is now ripe for judicial review.

On December 7, 2012, the Court entered an Order granting the parties' Motion to Extend the Deadline for Filing Dispositive Motions, extending the deadline to January 18, 2013.  (Doc. 22).  On May 14, 2012, nearly four months after the deadline, Defendant filed the instant Motion requesting that the Court extend the time for filing a motion for summary judgment.[1]  (Doc. 28).

Pursuant to Rule 6(b)(1)(B), Federal Rules of Civil Procedure, when an act is required or allowed to be done within a specified time period and a party moves to extend the time for doing such act after the expiration of the specific time period, a court

---

[1] The trial term is scheduled to begin on July 1, 2013.

may permit the act to be done where the failure to act was the result of excusable neglect.  "Excusable neglect" is determined according to a four-factor test: (i) the danger of prejudice to the nonmovant; (ii) the length of delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith.  See Advanced Estimating Sys. v. Riney, 130 F.3d 996, 998 (11th Cir. Fla. 1997) (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 113 S. Ct. 1489 (U.S. 1993)).

      Here, Defendant has failed to establish excusable neglect.  As a reason for failing to file his motion for summary judgment within the time specified, Defendant states he "did not anticipate the need for filing a motion for summary judgment, anticipating a possible settlement ... ."  Anticipation of possible settlement does not excuse noncompliance with case management deadlines.  In addition, Defendant alleges that as of the January 18, 2013 deadline, the parties had "just recently concluded a mediation on December 19, 2013."  However, as indicated by the Mediation Report, the parties concluded mediation a month prior to the deadline for dispositive motions and reached an impasse.  (Doc. 23).  Moreover, with a trial term scheduled to begin July 1, 2013, an extension of time will significantly prejudice Plaintiff's ability to prepare for trial.

      Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Extend Deadline for Filing a Motion for Summary Judgment (Doc. 28) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th  day of May, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record